UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Civil Action No. 2:21-cv-00513

RICARDO M. BROWN, individually, and on
behalf of all others similarly situated,
    Plaintiff,
v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC
    Defendant.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES** RICARDO M. BROWN ("Plaintiff"), individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of RECEIVABLES PERFORMANCE MANAGEMENT, LLC , as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. RICARDO M. BROWN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal district.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("Defendant") is a limited liability company organized and existing under the laws of Washington.

9. Defendant is a nationally recognized debt collection agency that collects debts owed to third parties.

10. Defendant maintains its principal place of business in Lynwood, Washington.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2528.

14. At all times relevant, Plaintiff's number ending in 2528 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. A few years ago, Plaintiff obtained cellular phone services from Sprint ("Sprint account").

17. In May 2020, Plaintiff paid the balance on the Sprint account in its entirety.

18. Upon information and belief, Sprint erroneously placed the Sprint account with Defendant for collection ("subject debt").

19. In early 2021, Defendant started placing collection calls to Plaintiff's cellular phone in an effort to collect the non-existent subject debt, including calls utilizing a prerecorded or artificial voice.

20. In response to Defendant's collection calls, Plaintiff contacted Sprint to investigate the reason Sprint is attempting to collect the paid off Sprint account.

21. A representative from Sprint confirmed that the Sprint account was paid in full and assured Plaintiff that Defendant's collection activity would cease.

22. Despite Sprint's assurances that the collection activity would cease, Defendant continued placing erroneous collection calls to Plaintiff's cellular phone.

23. In early April 2021, Plaintiff answered one of Defendant's phone calls. Upon answering, Plaintiff was greeted with a prerecorded message. Plaintiff followed the prerecorded message's prompts and was connected to a live agent.

24. Plaintiff explained to Defendant's agent that the Sprint account was paid in full and that Sprint recently confirmed the same. Frustrated with the erroneous collection attempts, Plaintiff requested that Defendant cease its collection calls.

25. Despite Plaintiff's request that the collections cease, Defendant continued placing live and prerecorded collection calls to Plaintiff's cellular phone number.

26. In the calls that Plaintiff did not answer, Defendant left prerecorded voicemails on Plaintiff's cellular telephone.

27. From early 2021 through the present, Defendant placed no less than 25 prerecorded collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

28. At no point in time did Plaintiff provide his cellular phone number to Defendant or otherwise consent to Defendant's phone calls.

## DAMAGES

29. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies erroneous and unwanted collection calls, emotional distress and fear that Defendant's collection activity would escalate into erroneous credit reporting of the subject debt, increased risk of personal injury resulting from the distraction caused by the erroneous and unwanted collection calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

30. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

31. Due to Defendant's refusal to honor Plaintiff's request that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

32. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

4

All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

34. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.    Numerosity**

35. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

36. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

37. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

38. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.    Commonality and Predominance**

39. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

40. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.  Typicality**

41. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.  Superiority and Manageability**

42. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

43. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

44. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

45. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.  Adequate Representation**

46. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

47. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

48. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of the Putative Class)

49. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

51. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than twenty-five (25) non-emergency calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent.

52. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

53. As set forth above, Plaintiff never provided his cellular phone number to Defendant or otherwise consented to receiving calls from Defendant.

54. Assuming Defendant believed it had consent to place calls to Plaintiff's cellular phone, Defendant continued placing calls to Plaintiff's cellular phone *after* Plaintiff requested that the calls cease, in violation of the TCPA.

55. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

56. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

57. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c. an order enjoining Defendant from placing further violating calls to consumers;

d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

e. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

f. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
### (Plaintiff individually)

58. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of FDCPA § 1692c**

59. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

60. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

61. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

62. In other words, since Plaintiff did not want any calls from Defendant, *any* call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

63. Defendant violated § 1692c(a)(1) by placing at least 25 collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

### b. Violations of FDCPA § 1692d

64. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

65. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

66. Defendant violated §§ 1692d and d(5) by placing at least 25 collection calls to Plaintiff's cellular phone number in an attempt to collect a non-existent debt after Plaintiff notified Defendant that its collection efforts were erroneous and after Plaintiff requested that the calls cease.

9

67. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

68. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

69. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

    c.    **Violations of FCPA § 1692e**

70. Section 1692e(2)(A) prohibits a debt collector from making any false representations regarding the character, amount, or legal status of a debt.

71. Defendant violated § 1692e(2)(A) by falsely representing to Plaintiff that he owed a balance on the Sprint account when in fact the Sprint account was paid in full and had no balance.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    b.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c.    Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.    Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II:
## Wisconsin Consumer Act (Wis. Stat. § 427 *et seq.*)
### (Plaintiff individually)

72. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

73. Defendant is a "debt collector" as defined by Wis. Stat. § 427.103(3) of the WCA.

74. The subject consumer debt is a "claim" as defined by Wis. Stat. § 427.103(1) of the WCA.

75. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. § 427.104(1)(h)

76. Defendant violated § 427.104(1)(h) by engaging in harassing conduct in its attempts to collect a paid debt from Plaintiff.

77. Specifically, Defendant's conduct was unfair, harassing and deceptive as Defendant repeatedly attempted to collect a debt that it knew or should have known was not owed by Plaintiff.

78. Upon information and belief, Defendant did not investigate Plaintiff's claim that the Sprint account was paid and that Sprint (Defendant's client) confirmed the same.

79. Had Defendant investigated Plaintiff's claim that the debt was paid, it would have confirmed that Plaintiff's claim was accurate and ceased its collection activity. Instead, Defendant consciously elected to ignore Plaintiff's claim and continued its collection efforts without investigating Plaintiff's claim.

80. Defendant's unfair and deceptive practices are part of a pattern and practice of behavior in which Defendant routinely engages in as part of its business model. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

81. As pled above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

82. Upon information and belief, Defendant regularly engages in the conduct described herein against consumers in Wisconsin and for public policy reasons should be penalized.

83. As pled above, Plaintiff suffered actual damages as a result of Defendant's unlawful practices.

**WHEREFORE**, Plaintiff, RICARDO M. BROWN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to § 427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to § 425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

INTENTIONALLY LEFT BLANK

Dated: April 21, 2021                                    Respectfully Submitted,

                                                         RICARDO M. BROWN

                                                         /s/ *Mohammed O. Badwan*

                                                         Mohammed O. Badwan, Esq.
                                                         Victor T. Metroff
                                                         *Counsel for Plaintiff*
                                                         Sulaiman Law Group, Ltd.
                                                         Lombard, IL 60148
                                                         Phone (630) 575-8181
                                                         Fax: (630) 575- 8188
                                                         mbadwan@sulaimanlaw.com
                                                         vmetroff@sulaimanlaw.com